CYNTHIA ANN HUGHES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hughes v. Commissioner
Docket No. 15692-93
United States Tax Court
T.C. Memo 1995-202; 1995 Tax Ct. Memo LEXIS 203; 69 T.C.M. (CCH) 2562; May 9, 1995, Filed *203 Decision will be entered under Rule 155. Cynthia Ann Hughes, pro se. For respondent: Monica J. Howland. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
By notice of deficiency issued April 19, 1993, respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 1989 and 1990 in the amounts of $ 1,558 and $ 1,622, respectively. Petitioner resided in Tallahassee, Florida, when she timely filed her petition. The issue is whether petitioner may deduct as trade or business expenses the costs she incurred in her photography painting activity. The facts may be summarized as follows. From 1977 through 1983, petitioner worked as a secretary for the State of Florida. In August of 1983, *204 dissatisfied with her career, she left her employment to conduct on a full-time basis an activity involving the hand-tinting of photographs. Petitioner uses oil-based paints and fiber-based paper to add color to black and white photographs. This "colorizing" technique was popular in the early days of portrait photography, but it fell out of favor as color processing methods for film were developed. The procedure survives commercially as a specialty or novelty service. Petitioner provided her services primarily through photography studios; upon a customer's request, the photography studio would forward the developed photograph to petitioner for coloring. In taking up this activity, petitioner followed in the footsteps of her parents -- her father owned a photography studio and her mother was a photographic artist. However, petitioner had no formal training in art or photography. During 1983 her mother taught her to paint photographs. Petitioner conducted the activity using one or two rooms of her home, which she furnished with basic office equipment. Petitioner lived primarily on savings and earnings from temporary employment. In December of 1984, petitioner began working *205 full-time for a law office. She worked for the law office through 1992, earning $ 19,481.46 in 1989 and $ 17,717.21 in 1990. She was also employed doing part-time inventory work during 1990. The time it takes petitioner to hand-tint a photograph varies with the size of the photograph and the complexity required for the project. A simple 5" x 7" photograph is accomplished in approximately 3 to 4 hours. A complex 16" x 20" portrait may require more than 16 hours of work. When petitioner received orders, she spent her spare time hand-tinting photographs, and on occasions worked most of the night on the photographs. In 1990, petitioner took an oil-painting class at North Carolina State University to improve her artistic skills. Petitioner maintained a mailing list of photography studios and sent fliers out announcing her services. Petitioner took out an advertisement in a national photographers magazine in 1983 or 1984. However, she was not successful in developing a client base beyond a handful of local photography studios. Petitioner kept records of her transactions with the studios, noting the type of photograph, the date she received the order, the date the finished product *206 was returned, and the amount of money received. Petitioner earned the following gross receipts over the years in her activity: Years
Gross Receipts
1983
$ 124
1984
1,113
1985
346
1986
747
1987
4,586
1988
149
1989
68
1990
365
1991
86
1992
360
Petitioner has conducted the activity in generally the same manner since its inception, incurring generally the same type of expenses each year. Petitioner reported a business profit for 1991 and 1992. Petitioner did not file a Schedule C in 1993, as she did not conduct the activity in that year. For the years at issue, petitioner reported expenses on Schedule C, and upon audit respondent verified certain amounts as attributable to the activity as follows: 1989
1990
Expense
Claimed
Verified
Claimed
Verified
Car
$ 2,451.19
$ 654.78
$ 5,775.98
$ 580.43
Interest
1,177.25
0
279.43
0
Office
3,708.17
2,160.00
1,500.00
0
Repairs
251.44
251.44
0
0
Supplies
603.17
603.17
811.79
52.63
Travel
97.59
97.59
270.00
270.00
Meals
235.50
235.50
357.20
124.80
Utilities
1,209.23
468.91
968.40
0
Education
471.00
0
375.00
375.00
Books
44.70
0
256.92
23.49
Membership
fee
21.00
0
140.00
0
Postage
164.35
0
202.70
196.50
Total:
$ 10,434.59
$ 4,471.39
$ 10,937.42
$ 1,622.85
*207 The office and utility expenses claimed include "home office" expenses and the costs of maintaining a separate office for part of 1989. The utility expense also includes the cost of long distance telephone calls to her mother in Alabama and to a friend with a "good head for business" in South Carolina. Respondent allowed the office and utility expenses only to the extent they related to the separate office, determining that petitioner could not take a home office deduction. Respondent also disallowed the telephone expenses, as well as the car expenses petitioner incurred visiting her mother, as personal expenditures. Respondent determined that the interest petitioner claimed as a business expense was personal interest, deductible on Schedule A to the extent provided by section 163. Respondent reduced or disallowed the other claimed expenses due to petitioner's inability to substantiate them. Further, respondent determined that petitioner was not engaged in a trade or business within the meaning of section 162 and could not deduct any expenses of her painting activity. Section 162 allows taxpayers to deduct the ordinary and necessary expenses of carrying on a trade or business. *208 Where a taxpayer conducts an activity not as a trade or business, section 183 allows deductions generally to the extent the activity generates gross income. To be engaged in a trade or business within the meaning of section 162, "the taxpayer must be involved in the activity with continuity and regularity and * * * the taxpayer's primary purpose for engaging in the activity must be for income or profit." Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). In determining whether an activity is engaged in for profit, the taxpayer must show an actual and honest objective of making a profit. Surloff v. Commissioner, 81 T.C. 210, 233 (1983); Dreicer v. Commissioner, 78 T.C. 642, 644-645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). The determination whether petitioner had an actual and honest objective of making a profit requires an examination of all the surrounding facts and circumstances of the case. Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); *209 sec. 1.183-2(b), Income Tax Regs. We give greater weight to the objective facts than to petitioner's mere statement of intent. Dreicer v. Commissioner, supra at 645; sec. 1.183-2(a), Income Tax Regs.
Section 1.183-2(b), Income Tax Regs., sets forth some of the relevant factors for determining when an activity is engaged in for profit. No one factor is controlling. Abramson v. Commissioner, 86 T.C. 360, 371 (1986); Golanty v. Commissioner, supra at 426. Such relevant factors include (1) the manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the taxpayer's history of income or loss with respect to the activity; (5) the amount of occasional profits, if any, which are earned; (6) the financial status of the taxpayer; and (7) whether elements of personal pleasure or recreation are involved. Based on the factors listed above, we find that petitioner was engaged in the trade or business of hand-tinting photographs. The activity does not have the earmarks *210 of a hobby. Petitioner was not occasionally selling photographs that she had painted to amuse herself. Rather, she filled orders that arose from her solicitations. She dedicated her spare time to the activity, hoping to get out of the professional rut into which she felt she had fallen. Respondent argues that the losses for the years at issue, coupled with the fact that petitioner has conducted the activity in the same manner since its inception, indicate petitioner lacked a profit motive in maintaining the activity. However, as we will discuss below, the magnitude of the reported losses appears to have resulted from petitioner's overly liberal view of what constitutes a business (vis-a-vis personal) expense, rather than the lack of a profit motive. We agree with respondent in most respects that petitioner has not met her burden of proving that she incurred deductible expenses in amounts greater than those verified by respondent's audit. See Rule 142(a). However, the office expense respondent allowed for 1989 should be increased to take into account $ 270 paid for October office rent. On the other hand, the repair expense for 1989 of $ 251.44 was for the repair of petitioner's *211 home air conditioner, and, while verified is not deductible. Sec. 262. Petitioner also contends that various expenses with respect to her residence are deductible. However, even if petitioner's business use of her home meets the "home office" requirements of sec. 280A(c)(1) (which we do not decide), she would not be entitled to any deductions. Section 280A(c)(5) limits the amount of the home office deduction, generally, to an amount equal to the gross income "derived from such use" of the home office in the trade or business, reduced by the other expenses of the trade or business. Petitioner produced long distance telephone bills indicating that she made calls to her mother and to a friend in South Carolina. However, the bills do not indicate any business purpose for the calls. Moreover, petitioner claims that every call she made to her mother or to her friend was attributable to the business, which seems highly improbable. Petitioner also produced various receipts. It is apparent that she had some expenditures for art supplies, but otherwise her records do not clearly indicate the business purpose of the expenditures. Petitioner has not substantiated her other claimed *212 expenses in amounts exceeding the amounts allowed by respondent. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩